UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE LEE McLENDON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-0396 |
| ] | Judge Trauger |
| MONTGOMERY COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

Plaintiff is an inmate at the Montgomery County Jail in Clarksville, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against the Montgomery County Jail; ABL, the entity under contract to provide food services at the Jail; and Cpl. Corder, an officer at the Jail; seeking injunctive relief and damages.

The plaintiff alleges that he has adopted religious beliefs that require him to observe certain dietary restrictions. He claims that the defendants have interfered with his ability to observe those restrictions in violation of his First Amendment rights.

The Supreme Court has recognized that prisoners do not forfeit all constitutional rights by virtue of their conviction and confinement in prison. Bell v. Wolfish, 441 U.S. 520, 545 (1979). Prisoners retain those fundamental freedoms that are not inconsistent with their incarceration. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). These include the right of a prisoner to freely exercise his religious beliefs. Cruz v. Beto, 405 U.S. 319 (1972).

The right of free exercise, however, is not absolute for prisoners. Jihaad v. O'Brien, 645 F.2d 556, 564 (6th Cir. 1981). Prisoners are entitled to exercise their religious beliefs subject to reasonable limitations. Pell v. Procunier, 417 U.S. 817, 822 (1974); Abdur-Rahman v. Michigan Dept. Of Corrections, 65 F.3d 489 (6th Cir. 1995).

In this regard, the plaintiff has informed jail officials of his need for a diet consistent with his religious beliefs. The complaint describes two occasions, though, when Cpl. Corder prevented

him from receiving his religious tray for no apparent reason. The complaint also sets forth another incident wherein Cpl. Corder denied a second inmate his religious tray. From this, it can be inferred that Cpl. Corder has made it a practice to interfere with the religious dietary restrictions of inmates in her care. The complaint, therefore, states a colorable First Amendment claim for relief against Cpl. Corder.

The Court notes, however, that the plaintiff has named the Montgomery County Jail as a defendant. A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Grimmett v. Wilson County Jail, 2015 WL 787228 (M.D. Tenn.); Staggs v. Lewis County Jail, 2009 WL 3877682 (M.D. Tenn.). Therefore, the claims against this defendant are hereby DISMISSED.

The plaintiff has also named ABL as a defendant. The plaintiff's claim against ABL is that, "Since / / , they have refused to come up with a diet plan." His reference to "they" suggests that the plaintiff is asserting a claim against those ABL employees at the Jail who are responsible for designing diet plans.

The plaintiff can not sue ABL solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that ABL, a corporate entity, had specific knowledge of the plaintiff's religious dietary needs. Nor has there been any allegations suggesting that ABL had a policy preventing him from receiving the proper diet. Personal liability "must be based on the

actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the claims against ABL are DISMISSED as well.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for Cpl. Corder, the sole remaining defendant in this action. The plaintiff will complete the service packet and return it to the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packet, PROCESS SHALL ISSUE to the defendant. The plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is instructed to send a copy of this order to the Sheriff of Montgomery County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

                                              Aleta A. Trauger  
                                              United States District Judge