IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JESSIE LEE McLENDON | ) | |
| | ) | |
| v. | ) | NO: 3:17-0396 |
| | ) | |
| MONTGOMERY COUNTY JAIL, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 24, 2017 (Docket Entry No. 4), the Court referred this *pro se* and *in forma pauperis* civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Jessie Lee McLendon ("Plaintiff") filed this lawsuit on February 27, 2017, while confined as a pretrial detainee at the Montgomery County Jail ("Jail") in Clarksville, Tennessee. He seeks relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Jail. Upon initial review, the Court found that Plaintiff stated an arguable claim against a single defendant and directed that the Clerk send Plaintiff a service packet, which Plaintiff was to complete and return to the Court within twenty one (21) days so that process could issue to the defendant. *See* Docket Entry No. 4.

The copy of the Court's initial order and the service packet mailed to Plaintiff at the Jail were returned to the Court as undeliverable with a notation that Plaintiff was no longer at the Jail. *See*

Docket Entry No. 6. Accordingly, the Court directed the Clerk to re-send a copy of the Court's initial order and a new service packet to Plaintiff at a non-institutional residential address that was listed in his Complaint. *See* Order entered April 20, 2017 (Docket Entry No. 8). Plaintiff was directed to complete the service packet and return it to the Clerk's Office within twenty one (21) days of the date of receipt of the Order. The docket reflects that Plaintiff has not returned a completed service packet or otherwise communicated with the Court. The docket also reflects that the certified mail for the April 20, 2017, Order sent to Plaintiff was returned undelivered. *See* Docket Entry No. 10. As a result, process has not issued to the defendant.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's current whereabouts are unknown, and Court mail sent to Plaintiff has been repeatedly returned as undeliverable. Process has not yet issued to the defendant because a service packet has not been returned to the Court. The action is at an impasse because of Plaintiff's failure to keep the Court informed of his address. Further, because process has not been served upon the defendant, Rule 4(m) requires dismissal of the action.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge